IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| OTR Transportation, LLC, as assignee of Pilgrim's Pride, | CIVIL ACTION NO: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| South State Trucking, LLC, | |
| Defendant. | |

Plaintiff, OTR Transportation, LLC, as assignee of Pilgrim's Pride, and for its Complaint against Defendant, South State Trucking, LLC, would respectfully show unto the Court the following:

## PARTIES AND JURISDICTION

1. Plaintiff, OTR Transportation, LLC ("OTR" or "Plaintiff"), is an Illinois limited liability company with its principal place of business in Illinois.

2. Upon information and belief, Defendant, South State Trucking, LLC ("South State" or "Defendant") is a limited liability company organized and existing in the State of South Carolina and whose member(s) are citizens and residents of the State of South Carolina.

3. At all times relevant to the allegations contained herein, South State was acting through its employees and agents, including the truck driver.

4. South state is a duly registered for-hire motor carrier.

## JURISDICTION AND VENUE

5. This action is currently ripe for adjudication. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, in that a dispute regarding liability for damage to

1

cargo shipped in interstate commerce exists between the parties. Therefore, as hereinafter more fully appears, this action arises under the laws of the United States and under an Act of Congress regulating interstate commerce, specifically the Carmack Amendment to the Interstate Commerce Commission Termination Act, 49 U.S.C. 14706 et seq., and the amount in controversy exceeds $10,000, exclusive of interest and costs. Jurisdiction is based on 28 USC § 1337(b).

6. Venue is proper in this action pursuant to 28 U.S.C. § 1391(b)(1) in that the defendant resides in state in which the district is located.

7. Upon information and belief, South State may be served with process in this action by and through service on its registered agent, APS Process Service, LLC at 730 Hillcrest Avenue, Columbia, SC, 29203.

## FACTUAL BACKGROUND

8. The Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in the preceding paragraphs.

9. On or about August 14, 2023, Plaintiff and South State entered into a Broker Carrier Agreement attached as **Exhibit A** (the "Broker-Carrier Agreement") that defined the respective rights and obligations of Plaintiff and South State with respect to shipments of Plaintiff's customers' cargo that Plaintiff brokered to South State as a motor carrier.

10. In the Broker-Carrier Agreement, South State held itself out and represented itself to Plaintiff as being duly authorized and registered as an interstate motor carrier of property.

11. On or about August 15, 2023, pursuant to the terms of the Broker-Carrier Agreement, Plaintiff brokered a shipment of frozen chicken (the "Cargo") sold by Pilgrim's Pride ("Pilgrim's") for delivery by South State from Sumter, South Carolina to Springfield, Ohio.

12. At such time South State took possession of the Cargo for interstate transportation from Sumter, South Carolina to Springfield, Ohio the Cargo was in good condition and without defect.

13. On or about August 17, 2023, South State attempted delivery of the Cargo to the consignee, but the entire shipment was rejected by the consignee due to damage to the cargo (specifically, the Cargo was rejected due to South State's failure to pre-cool and maintain the required temperature for a frozen load, as instructed on the Rate Confirmation, included herein as **Exhibit B**).

14. As a result of the damage to the Cargo, the consignee rejected delivery of the Cargo.

15. The Cargo sustained damage while in the sole and exclusive possession of South State.

16. The Cargo was valued at approximately $54,121.00.

17. Pilgrim's made a claim for Cargo damage against South State in the amount of $54,121.00, which Plaintiff paid in exchange for an assignment of all Pilgrim's rights to proceed against the underlying carriers for the damage to the Cargo.

18. Plaintiff is lawfully entitled to bring claims related to the Cargo as the assignee of Pilgrim's.

19. On or about August 17, 2023, Plaintiff submitted a claim for cargo loss to Great American Insurance (Claim No. A00552751).

20. Great American Insurance denied the claim due to South State's failure to cooperate.

21. Pursuant to the Broker-Carrier Agreement, South State, as a motor carrier, assumed full liability for all costs and expenses incurred by Plaintiff, including, but not limited to, reasonable attorney's fees.

5181851.1

22. Despite the foregoing obligation, South State has refused to take any action related to paying the value of the lost Cargo.

23. Despite demand being made upon South State by Plaintiff, South State has failed to pay for loss and damage to the Cargo as demanded by Plaintiff.

24. Plaintiff has satisfied all prerequisites to filing suit, including but not limited to as provided under 49 C.F.R. part 370.3 and part 1005.2.

25. An actual, cognizable case or controversy that is ripe for adjudication exists among the parties.

**FOR A FIRST CAUSE OF ACTION**
**(Motor Carrier Liability – Carmack Amendment,  49 USC § 14706)**

26. Plaintiff reincorporates by reference, as if fully set forth herein, the facts set forth in the preceding paragraphs.

27. Plaintiff entered into an agreement with South State, as a motor carrier, for the delivery of the Cargo from Sumter, South Carolina to Springfield, Ohio.

28. South State agreed to transport the Cargo via a properly executed Bill of Lading, included herein as **Exhibit C** (the "Bill of Lading"), in undamaged and properly packaged/secured condition.

29. South State was the delivering motor carrier for the Cargo.

30. The Cargo arrived at the consignee's location in Springfield, Ohio in damaged condition, which resulted in the consignee rejecting the Cargo.

31. Title 49 of the United States Code, the Federal Motor Carrier Safety Act, the Carmack Amendment to the Interstate Commerce Act, 49 USC § 14706, and applicable federal regulations impose liability upon South State as a common carrier.

5181851.1

32. The Cargo was in good condition and valued at $54,121.00 at the time it was received by South State.

33. In consideration of the payment made by Plaintiff to Pilgrim's, Pilgrim's assigned all rights and interests with respect to seeking damages for the loss of the Cargo.

34. Plaintiff has demanded payment from South State for the damages for the loss of the Cargo.

35. Defendants have breached their obligations as common carriers, and otherwise failed to comply with 49 CRF § 370.5(b)(1)-(3) and other measures designed to ensure the examination of and prompt payment for Plaintiff's loss claims.

36. As a result of Defendants' actions, Plaintiff has been damaged in an amount to be shown at trial, no less than $54,121.00, plus prejudgment interest, and post-judgment interest, and to the extent allowed, costs, and attorney's fees.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract)**

37. Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in the preceding paragraphs.

38. Plaintiff and South State entered into a binding contract, the Broker-Carrier Agreement, with respect to transportation services to be provided by South State in favor of Plaintiff and/or Plaintiff's customers.

39. Pursuant to the Broker-Carrier Agreement, South State, as a motor carrier, assumed full liability for all costs and expenses incurred by Plaintiff, including, but not limited to, reasonable attorney's fees.

5

40. Plaintiff complied with the Broker-Carrier Agreement in all material terms and provided the Cargo to South State in a manner that would enable South State to fully comply with the Broker-Carrier Agreement.

41. South State, as a motor carrier, breached the contract by failing to deliver the cargo without damage.

42. Specifically, South State breached the Broker-Carrier Agreement in the following ways:

    a. Failing to deliver the Cargo in the same condition it was received;

    b. Failing to pay the claim for the Cargo damage despite adequate receipt of a written claim for Cargo damage;

    c. Failing to comply with the indemnification clause in the Broker-Carrier Agreement;

    d. Causing Plaintiff damage to customer relations.

43. As a result of South State's breach of contract, Plaintiff has been damaged in an amount to be shown at trial, no less than $54,121.00, plus costs, attorney's fees, prejudgment interest, and post-judgment interest.

## THIRD CAUSE OF ACTION
**(Attorney's Fees)**

44. The Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in the preceding paragraphs.

45. Plaintiff and South State entered into the Broker-Carrier Agreement, a binding contract, which provides for the recovery of attorneys' fees and costs incurred by Plaintiff in enforcing any of its rights under the Broker-Carrier Agreement.

46. Accordingly, South State is liable for all attorneys' fees expended by Plaintiff in the prosecution of this lawsuit in connection with the damage to the Cargo.

**PRAYER FOR RELIEF**

WHEREFORE, OTR Transportation, LLC prays that the Court enter judgment in its favor as follows:

A. For damages and relief available under Title 49 of the United States Code, the Federal Motor Carrier Safety Act, 49 USC § 14706 and its related regulations;

B. For monetary breach of contract damages, compensatory and consequential;

C. For prejudgment and post-judgment interest;

D. For all costs and fees related to this action as provided by law or equity, including reasonable attorneys' fees; and

E. For other such relief that the Court deems just and equitable under the circumstances.

Respectfully submitted this 29th day of July, 2024.

                                        s/ Robert D. Moseley, Jr.
                                        Robert D. Moseley, Jr. (Fed Bar #5526)
                                        Moseley Marcinak Law Group LLP
                                        4324 Wade Hampton Blvd., Suite B
                                        Taylors, SC 29687
                                        PO Box 26148, Greenville, S 29616
                                        (864) 248-6025 (864) 248-6035 (Fax)
                                        Rob.Moseley@momarlaw.com
                                        *Attorney for Plaintiff*